FILED IN CLERKS OFFICE
NOV 25 '24 AM 11:45 USDC MA

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**CHRISTOPHER KELLEHER,**
    **Plaintiff,**

v.

**TOWN OF BROOKFIELD,**
    **Defendant.**

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

**INTRODUCTION**

1. Plaintiff Christopher Kelleher, a resident of Brookfield, Massachusetts, and an individual with disabilities protected under the Americans with Disabilities Act (ADA), brings this action to remedy ongoing violations of his civil rights by the Town of Brookfield.

2. The Town's officials and boards have subjected Plaintiff to discriminatory practices, retaliatory conduct, and denial of equal access to public governance. These actions violate Plaintiff's rights under the ADA, the First and Fourteenth Amendments to the U.S. Constitution, and the Massachusetts Open Meeting Law.

3. Plaintiff seeks declaratory and injunctive relief to enforce compliance with federal and state laws and to halt the discriminatory and retaliatory conduct that has caused him significant harm.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction under 28 U.S.C. § 1331 for federal questions arising under the Americans with Disabilities Act and the U.S. Constitution. Supplemental jurisdiction is invoked under 28 U.S.C. § 1367 for state law claims.

5. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b), as the Defendant operates in and the events giving rise to this Complaint occurred within this judicial district.

**PARTIES**

6. Plaintiff Christopher Kelleher is a resident of Brookfield, Massachusetts, and an individual with disabilities that substantially limit his ability to attend public meetings in person. Plaintiff relies on reasonable accommodations to participate in public governance.

7. Defendant Town of Brookfield is a municipal entity subject to the requirements of Title II of the ADA, the First and Fourteenth Amendments to the U.S. Constitution, and the Massachusetts Open Meeting Law.

**FACTUAL ALLEGATIONS**

**A. Harassment and Discrimination by Town Officials**

8. Plaintiff has been subjected to pervasive harassment and discriminatory treatment by Town officials, including but not limited to Select Board Member Richard Chaffee and former Planning Board Member John David Holdcraft. The harassment by Mr. Holdcraft occurred during his term as an elected official, which ended in May 2024. At the time,

the Town of Brookfield had enforcement authority over Mr. Holdcraft as an official, yet failed to take meaningful action to address his conduct.

9. Mr. Holdcraft engaged in repeated harassment of Plaintiff's service dog, Rosie, and publicly humiliated Plaintiff through defamatory statements and offensive messages displayed on his public sign, including, "Is there a change in medication in order for Chris Kelleher?"

10. Despite Plaintiff reporting these incidents and obtaining a No Harassment Order against Mr. Holdcraft, the Town failed to take meaningful action, effectively endorsing the hostile environment.

**B. Retaliatory Conduct by Select Board Member Richard Chaffee**

11. After assuming his role as a Select Board member in May 2024, Mr. Chaffee used his position to undermine Plaintiff's ADA accommodation requests and publicly criticize him during meetings.

12. Mr. Chaffee proposed humiliating measures, including suggesting a police escort for Plaintiff during meetings, which was rejected as unreasonable by the Chief of Police.

**C. Discriminatory Actions by the Conservation Commission**

13. On August 22, 2024, Plaintiff submitted a formal request for ADA accommodations to the Brookfield Conservation Commission, seeking to attend the August 28, 2024, meeting remotely via phone due to his disability. This request was submitted in accordance with the procedure outlined in the posted meeting agenda.

14. Despite the clear and timely nature of the request, the Commission failed to act promptly, instead deferring the matter to the Select Board. The Select Board's next scheduled meeting was on August 29, 2024—after the Commission's meeting—effectively delaying and potentially denying Plaintiff's requested accommodation. This was inappropriate and reflected a lack of commitment to ADA compliance.

15. Plaintiff escalated the matter to the Town Administrator, who ultimately intervened to ensure that Plaintiff's accommodation was granted. This intervention underscores the Commission's reluctance to address ADA requests in good faith, necessitating external enforcement to ensure compliance.

16. During the August 28, 2024, meeting, the Commission engaged in discriminatory and retaliatory conduct. The Chair directed that Plaintiff be muted before the meeting even began, stating, "I can hear him, so make sure he's on mute." This directive preemptively excluded Plaintiff from participating on equal terms with in-person attendees, including denying him the opportunity to inform the Chair that he was recording the meeting—a right protected under Massachusetts Open Meeting Law.

17. While Plaintiff was muted, other attendees who were physically present were allowed to engage in pre-meeting discussions freely. Plaintiff was further denied the opportunity to speak on agenda items, despite being listed by name on the agenda. When Plaintiff raised his hand to speak, the Chair dismissed him, stating, "No public comments," without justification. Other in-person attendees, however, were permitted to participate without restriction.

18. The Commission prioritized in-person attendees over Plaintiff, a remote participant attending under an ADA accommodation. This was demonstrated when the Vice Chair explicitly stated, "Just because we have two people waiting, I'd rather do them first," followed by another member's comment, "Definitely, if we have live people, they always get—," with the Vice Chair interrupting, "Yup… yup." Such comments reveal a blatant bias against remote participants, particularly those attending under accommodations. This prioritization violated Plaintiff's rights under the ADA and the Massachusetts Open Meeting Law.

19. The Commission further retaliated against Plaintiff by engaging in personal attacks while discussing his Open Meeting Law complaints. A Commission member compared Plaintiff to an individual known to have harassed him, stating, "Is this complaint from Mr. Holdcraft?" The Chair responded, "No, it's from Mr. Kelleher," to which the member quipped, "Oh, I have trouble telling the two apart." This comparison was deeply offensive, particularly given that the referenced individual's harassment was a contributing factor to Plaintiff's resignation from the Commission.

20. The Chair also falsely stated during the meeting that Plaintiff had resigned "amidst allegations of conflict of interest," when in reality, Plaintiff resigned due to sustained harassment related to his disability and service dog. This public misrepresentation of Plaintiff's resignation, coupled with other character attacks, should have been addressed in Executive Session in accordance with Massachusetts Open Meeting Law, rather than discussed in a public forum without prior notice.

21. Following the August 28, 2024, meeting, the Commission scheduled their next meeting with just over 51 hours' notice—barely above the 48-hour minimum required by law. Compounding this issue, the meeting was scheduled on a day and at a time the Commission does not normally meet, making it harder for members of the public to be aware of the meeting. Their agenda required ADA accommodation requests to be made 48 hours in advance, effectively leaving Plaintiff and other participants with only a 3-hour window to submit accommodation requests. This scheduling tactic, while technically legal, reflects an effort to obstruct Plaintiff's ability to request accommodations and participate equally.

22. After the Town compelled the Commission to provide Plaintiff with an ADA accommodation, the Chair, Mr. Meeker, sent Plaintiff an email admonishing him for submitting an Open Meeting Law complaint to the Chair's email address. The email was sent just two hours after the accommodation was enforced, despite Plaintiff having sent his complaint eight days earlier without prior objection. This timing suggests retaliatory intent, further demonstrating the Commission's hostility toward Plaintiff's exercise of his ADA rights.

23. The Commission's discriminatory and retaliatory actions, including their failure to promptly address accommodations, unjustified muting of Plaintiff, prioritization of in-person attendees, public character attacks, and retaliatory email communications, violated Plaintiff's rights under the ADA, the Massachusetts Open Meeting Law, and the First and Fourteenth Amendments to the U.S. Constitution. These actions created a chilling effect, discouraging Plaintiff and potentially others with disabilities from asserting their legal rights and participating in public governance.

**D. Emotional Harm to Plaintiff**

24. As a direct result of the Town's actions, Plaintiff has suffered significant emotional and psychological harm, including:

25. Debilitating anxiety and depression exacerbated by the hostile environment created by Town officials.

26. Persistent suicidal ideations upon waking, severe nightmares involving Town Hall, and intrusive thoughts about the harassment.

27. Loss of sleep and diminished well-being caused by exclusion and retaliation.

**E. Town's Failure to Address ADA Accommodation Request and Subsequent Retaliation**

28. On August 6, 2024, Plaintiff submitted a formal request for ADA accommodations to the Town of Brookfield. This request sought reasonable measures, such as live streaming, video recording, or at a minimum, audio recording of specific public meetings, with recordings made available within three days. These accommodations were necessary to ensure Plaintiff, an individual with disabilities, could participate in governance and exercise his legal rights under the Americans with Disabilities Act (ADA).

29. The accommodations requested were straightforward, involving widely available technology such as audio recording, which has been in common use since the 1970s. Despite the simplicity and cost-effectiveness of these measures, the Town has failed to implement them consistently or meaningfully. While the Town did upload audio-only recordings of two Conservation Commission meetings to YouTube, this was an isolated

occurrence and does not fulfill the broader need for reliable accommodations or the Plaintiff's specific request for comprehensive access to all public meetings. As of the date of this filing, more than three months after Plaintiff's initial request, the Town has not provided consistent or adequate accommodations to ensure equal access.

30. On October 2, 2024, Plaintiff sent a follow-up letter to the Brookfield Select Board, reiterating the urgency of his ADA accommodation request and outlining the Town's continued failure to act. In this letter, Plaintiff specifically highlighted that, at a minimum, audio recording meetings and uploading them within three days would address his needs. Plaintiff also addressed retaliatory and discriminatory behavior by Select Board Member Richard Chaffee, citing his bias and unethical participation in discussions concerning Plaintiff's ADA accommodations.

31. The follow-up letter further emphasized that Mr. Chaffee's involvement violated ethical standards and created a conflict of interest, as Plaintiff had cited him as a source of harassment in his resignation letter and initial ADA request. Despite Plaintiff's concerns, Mr. Chaffee participated in discussions regarding Plaintiff's accommodations, made false statements about Plaintiff, and publicly criticized his request, undermining its legitimacy.

32. Plaintiff provided the Town with ten (10) working days to respond and resolve these issues, warning that failure to act would leave him no choice but to escalate the matter to legal counsel. Despite this clear and reasonable timeline, the Town failed to respond in any capacity, demonstrating a deliberate disregard for Plaintiff's rights under federal and state law.

33. The Town's failure to act on Plaintiff's straightforward and reasonable ADA accommodation request, combined with its refusal to address his follow-up letter, illustrates a pattern of indifference and hostility toward Plaintiff's legal rights. This ongoing inaction has further excluded Plaintiff from participating in public meetings and governance, compounding the harm caused by the Town's discriminatory practices.

## LEGAL CLAIMS

### Count I: Violations of the Americans with Disabilities Act (ADA)

34. Defendant violated Title II of the ADA by failing to provide reasonable accommodations, engaging in discriminatory practices, and retaliating against Plaintiff for asserting his rights.

**Count II: Violations of the First Amendment** Defendant violated Plaintiff's First Amendment rights to petition the government and participate in public discourse by:

35. Retaliating against Plaintiff for filing Open Meeting Law complaints, including Ms. Campbell's statement during a public meeting that she wanted "to find a way to prevent [Plaintiff] from filing complaints";

36. Implementing practices and policies that created a chilling effect on Plaintiff's exercise of his First Amendment rights, such as muting him during meetings and publicly criticizing his complaints; and

37. Failing to treat Plaintiff's participation equally to that of other meeting attendees, thereby stifling his right to meaningfully engage in public governance.

**Count III: Violations of the Fourteenth Amendment** Defendant violated Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment by:

38. Disparately targeting Plaintiff for retaliation due to his disability and his exercise of legally protected rights under the ADA, Massachusetts Open Meeting Law, and the First Amendment;

39. Engaging in practices that excluded Plaintiff from equal participation in public meetings, such as muting him without warning and prioritizing in-person attendees over remote participants; and

40. Allowing Town officials to express intent to suppress Plaintiff's lawful filing of complaints, including Ms. Campbell's public comments seeking to prevent Plaintiff from filing Open Meeting Law complaints, which reflected discriminatory treatment and animus toward Plaintiff.

**Count IV: Violations of the Massachusetts Open Meeting Law**

41. Defendant prioritized in-person attendees over remote participants, retaliated against Plaintiff for filing complaints, and undermined transparency and inclusivity in public governance.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **Declare** that Defendant violated Plaintiff's rights under the ADA, the First and Fourteenth Amendments, and the Massachusetts Open Meeting Law.

2. **Issue a Temporary Restraining Order** requiring Defendant to:

    1. Provide ADA-compliant accommodations, including ensuring accessible remote participation for all public meetings without arbitrary restrictions or barriers.

    2. Prohibit retaliation against Plaintiff or any other individual exercising their legal rights under the Americans with Disabilities Act, the Massachusetts Open Meeting Law, or other applicable laws.

    3. Record all public meetings and make such recordings publicly available within 72 hours to ensure transparency and accessibility for those unable to attend in person.

    4. Prohibit the prioritization of in-person attendees over remote participants in agenda-setting, participation, and deliberations to ensure equal treatment under the law.

    5. Prohibit the misuse of muting or threats of muting against remote participants. Ensure that remote participants are treated as if they were physically present at the meeting, including issuing one verbal warning before any further action, such as removal from the meeting, is taken in accordance with Massachusetts Open Meeting Law.

3. **Mandate ADA Training:**

    1. Require Town officials to undergo ADA and anti-retaliation training, including specific guidance on service dog accommodations and remote meeting protocols.

4. **Grant such further relief as this Court deems just and proper.**

**EXHIBITS AND EVIDENCE**

In support of this Complaint, Plaintiff submits the following evidence:

1. **Exhibit A:**
Plaintiff's initial complaint to the Brookfield Police regarding the harassment of his service dog.

2. **Exhibit B:**
Police reports documenting harassment by John David Holdcraft, including incidents involving Plaintiff's service dog, Rosie.

3. **Exhibit C:**
Copy of the District Court's No Harassment Order issued against Mr. Holdcraft, detailing his repeated willful and malicious harassment of Plaintiff, including interference with Plaintiff's service dog and other targeted actions. The findings establish a clear pattern of harassment corroborated by sworn testimony and evidence.

4. **Exhibit D:**
Police Report dated June 5, 2024, documenting the incident involving Plaintiff, Christopher Kelleher, and Select Board Member Richard Chaffee, including discriminatory comments about Plaintiff's service dog.

5. **Exhibit E:**
Video recording of Select Board Member Richard Chaffee admitting he declared that Plaintiff's service dog is a "crutch."
URL: https://www.youtube.com/watch?v=lslYse9lJoY

6. **Exhibit F:**
Plaintiff's resignation letter dated July 1, 2024, citing harassment by Mr. Holdcraft and Mr. Chaffee as reasons for resignation.

7. **Exhibit G:**
ADA Accommodation Request submitted on August 6, 2024. Despite a clear and reasonable request, the Town failed to provide any written response or acknowledgment, demonstrating an ongoing pattern of neglect and indifference to Plaintiff's rights under the ADA.

8. **Exhibit H:**
ADA Accommodation Request submitted on August 22, 2024, to the Conservation Commission, including the Commission's attempt to delay or deny the request by referring it to the Select Board.

9. **Exhibit I:**
   Email correspondence from Mr. Meeker dated August 28, 2024, admonishing Plaintiff for submitting complaints to his email, sent two hours after the Town enforced Plaintiff's ADA accommodation.

10. **Exhibit J:**
    Video recording of the August 28, 2024, Conservation Commission meeting, highlighting discriminatory and retaliatory conduct, including muting Plaintiff, prioritizing in-person attendees over remote participants, and making derogatory comments.

Audio file of the meeting:
https://drive.google.com/file/d/1Td66EAZhAQJLbHnhNCC1L-36eqJOv2Pm/view?usp=sharing

Backup video clip of the end of the meeting:
https://drive.google.com/file/d/1hcCMFR5o4TOSLGYRnlm0_OhFX6RzWu_M/view?usp=sharing

11. **Exhibit K:**
    ADA complaint letter sent to the Select Board on August 29, 2024, regarding ADA violations during the Conservation Commission meeting on August 28, 2024.

12. **Exhibit L:**
    Open Meeting Law Complaint filed on August 29, 2024, relevant to Plaintiff's allegations of ADA and Open Meeting Law violations.

13. **Exhibit M:**
    Responses from the Conservation Commission to Plaintiff's Open Meeting Law complaint, demonstrating falsehoods and omissions.

14. **Exhibit N:**
    Email correspondence and evidence submitted by Plaintiff to the Attorney General's Office, demonstrating discrepancies in the Town's responses and Plaintiff's version of events.

15. **Exhibit P:**
    Video recording of the Select Board meeting held on August 29, 2024, demonstrating Mr. Chaffee's public criticism of Plaintiff's ADA request.

    Link to full YouTube video:
    URL: https://youtu.be/FtQvcCmz2Wo

    Cued to Mr. Chaffee's immediate motion for a police escort:
    URL: https://youtu.be/FtQvcCmz2Wo?t=823

    Cued YouTube video of Plaintiff speaking:
    URL: https://youtu.be/FtQvcCmz2Wo?t=856

Cued YouTube video of Mr. Chaffee claiming Plaintiff changed statements made during the meeting vs. what was written in the ADA accommodation request:
URL: https://youtu.be/FtQvcCmz2Wo?t=1972

16. **Exhibit Q:**
Follow-up letter sent to the Select Board on October 2, 2024, regarding ADA accommodations and Plaintiff's grievances, including the 10-business-day response deadline that was ignored by the Town.

17. **Exhibit R:**
Video recording of the November 20, 2024, Select Board meeting, showing Plaintiff being ordered to be muted by Select Board Member Richard Chaffee after a member of the public, who is a friend of Mr. Chaffee, told Plaintiff to "be quiet." Plaintiff was muted for 1.5 hours and only allowed to unmute after raising his hand. During the meeting, Mr. Chaffee claimed that participants were only allowed to speak once, yet multiple other attendees were permitted to speak several times without restriction.
URL: https://youtu.be/uMx_Wm7mVww?t=9342

**Respectfully submitted,**

Christopher Kelleher
Plaintiff Pro Se
36 Lake Road
Brookfield, MA 01506
23ck22@gmail.com
774-452-2128